UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EDWARD ZORRILLAMARIA,

                         Plaintiff,

              -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICERS JOHN CACIOPPO & JOSE GENAO in their
individual and official capacities as employees of the City
of New York Police Department,
                        Defendants.

------------------------------------------------------------------------ X

**ANSWER TO COMPLAINT**

14 CV 6239 (JMF)

Jury Trial Demanded

       Defendants City of New York ("City"), John Cacioppo and Jose Genao, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

       4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

       5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that John Cacioppo and Jose Genao are employees of the New York City Police Department.

- 2 -

6. Deny the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York is a municipal corporation organized under the laws of the States of New York and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that John Cacioppo and Jose Genao are employees of the NYPD.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that John Cacioppo and Jose Genao were employed by the NYPD on May 3, 2012.

9. Deny the allegations set forth in paragraph "9" of the complaint and state that the allegations are legal conclusions to which no response is required.

10. Deny the allegations set forth in paragraph "10" of the complaint and state that the allegations are legal conclusions to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was arrested on May 3, 2012.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was charged with Criminal Sale of a Controlled Substance in the Fifth Degree.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to paragraph "22" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to paragraph "25" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to paragraph "34" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

### FIRST AFFIRMATIVE DEFENSE:

40. The complaint fails to states a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

41. Defendant City has not violated any rights, privileges, or immunities under the Constitution or the laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

42. Any injuries alleged to have been sustained resulted from the plaintiff's own culpable or negligent conducts and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE:

43. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### FIFTH AFFIRMATIVE DEFENSE:

44. There was probable cause for plaintiff's arrest, detention, and prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

45. Punitive damages cannot be assessed against defendants.

### SEVENTH AFFIRMATIVE DEFENSE:

46. Plaintiff failed to mitigate his alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE:

47. Plaintiff failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

### NINTH AFFIRMATIVE DEFENSE:

48. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## **TENTH AFFIRMATIVE DEFENSE:**

49. Defendants Cacioppo and Genao have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         December 22, 2014

>                   ZACHARY W. CARTER
>                   Corporation Counsel of the City of New York
>                   *Attorney for Defendant City of New York, Cacioppo and Genao*
>                   100 Church Street
>                   New York, New York 10007
>                   (212) 356-2335
>
>                   By:       /s/
>                         Nicholas Melissinos
>                         Assistant Corporation Counsel
>                         Special Federal Litigation Division

To:   Paul V. Prestia, Esq. (By ECF)